Lee J.
delivered the opinion of the court:
The court is of opinion that as it is not made to ap *268 pear that it was impossible to assign to the appellant her dower of and in the real estate of her husband, it was not competent for the court of equity, in the exercise of its general power, to decree a sale of the whole property, and to provide a compensation in money to the appellant in lieu of her dower, against her will and without her consent, however much it might be to the interest of the heirs at law of the decedent to have a sale of the whole estate and a monied compensation allowed to the appellant, instead of a sale of two-thirds of the estate and the remainder in the life estate of the widow.
And the court is further of opinion, that a widow entitled to dower in the estate of her deceased husband, is neither a joint-tenant, coparcener, nor tenant in common with the heirs at law, within the meaning of the statute concerning partition, in the Code of Virginia; and that therefore no power is conferred by that statute upon the court of equity to sell the whole estate against her will and without her consent, and compel her to receive a monied compensation out of the proceeds in lieu of her dower.
And the court is further of opinion, that whether the limitation in the deed of the said Lawrence Battaile, Jr. of the 19th of March, 1827, was a good executory limitation over or the contrary, (as to which the court deems it unnecessary to express any opinion,) yet that the said deed did not create a separate estate for the sole and exclusive use of the appellant; but that the marital rights of her husband attached upon such interest as she took under the said deed, and that such interest should be disposed of as the other personal estate of the said Edmund P. White deceased.
And the court is further of opinion that if there was other perishable personal estate of the said Edmund P. WTiite, besides the said slaves, as seems to be contem *269 plated by the said decree, the failure of the appellant to make any express claims to the same, did not bar her right to an interest therein; and that the Circuit coui’t should have respected her right to a distributable share thereof, and not directed the whole proceeds of the sale of the same to be paid over to the children of the said Edmund P. White deceased, to her exclusion.
Thus the court is of opinion that the said decrees are erroneous.
Therefore l'eversed with costs, and cause remanded, with directions to proceed in the same according to the principles hereinbefore declared, and further as justice and equity shall require.
Which is ordered to be certified, &c.
Decrees reversed.